﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 191001-35165
DATE: April 30, 2020

ORDER

New and relevant evidence having been received, the claim of entitlement to service connection for acquired psychiatric disorder to include schizophrenia may be readjudicated.

FINDINGS OF FACT

1. In an April 2005 rating decision VA declined to reopen a claim of entitlement for schizophrenia, paranoid type, competent. The appellant neither appealed this decision nor submitted new and material evidence within the one-year appeal period.

2. The evidence received since the April 2005 rating decision is new and raises a theory of entitlement that was not previously addressed.

CONCLUSION OF LAW

1. The April 2005 rating decision is final; new and relevant evidence has been received to readjudicate the claim of entitlement to service connection for schizophrenia, paranoid type, competent (now claimed as acquired psychiatric disorder to include schizophrenia). 38 U.S.C. §§ 5108, 7105; 38 C.F.R. §§ 3.104, 3.156, 3.2501(a).

REMANDED

The claim for service connection for acquired psychiatric disorder to include schizophrenia is remanded.

Entitlement to Special Monthly Compensation (SMC) based on aid and attendance/housebound is remanded.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran performed active duty service April 1980 to December 1981. 

These matters come before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 statement of the case (SOC) issued by a Department of Veterans Affairs (VA) Regional Office (RO). In October 2019 the Veteran opted into the modernized appeal system. The appellant has elected to have his appeal reviewed under the “Direct Review” lane under this new adjudication framework. Thus, the Board may only consider evidence in the claims file at the time of the August 2019 SOC.

New and Relevant 

In an April 2005 legacy rating decision, the RO declined to reopen a claim of service connection for “schizophrenia, paranoid type, competent” because no new and material evidence was submitted. The Veteran was provided notice of that decision and of his right to appeal, however, neither a timely appeal nor new and material evidence were submitted within one year of that decision. Hence, the denial is final. 38 U.S.C. § 7105

In November 2017, the Veteran filed a supplemental claim for an acquired psychiatric disorder to include schizophrenia. Under the legacy system, the RO reopened the claim and denied it on the merits in March 2018 because the new and material evidence did not suggest that his active duty service aggravated his pre-existing schizophrenia. The Veteran submitted a legacy notice of disagreement (NOD) on August 2018 and an SOC was issued on August 7, 2019. The Veteran opted into the modernized appeal system with a VA Form 10182. 

The “new and material evidence” issue regarding schizophrenia has been recharacterized to reflect the applicable evidentiary standard of new and relevant evidence. 38 C.F.R. §§ 3.2501(a)(1), 19.2. A claim may be readjudicated upon the submission of new and relevant evidence. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501 (a)(1).

The evidence submitted since the April 2005 rating decision consists of VA treatment records and a December 2018 affidavit from the Veteran. VA treatment records show sporadic treatment for schizophrenia.

In the affidavit the Veteran stated he was a rebellious teen when he was treated before the military. He denied having any thoughts of harming people or hallucinations. He said nothing was wrong with him and he was a normal kid. Tests were conducted but he was not diagnosed with anything or given medication. He also stated after a year of service he thought his sergeant was threatening him and went AWOL.

The September 2019 brief submitted by his attorney may only be considered as argument as the Veteran selected the Direct Review lane and the brief was received after August 7, 2019.

These treatment records and affidavit are new in that they were not previously part of the actual record before the RO in April 2005.

As to whether they are relevant, the evidence puts forth a theory of entitlement that has not been previously addressed. Specifically, the theory that the Veteran’s schizophrenia did not pre-exist service but had its onset in service. Under the modernized system, this is sufficient to serve as relevant evidence. Accordingly, the Board finds that the claim may be readjudicated.

REASONS FOR REMAND

1. Entitlement to service connection for acquired psychiatric disorder to include schizophrenia is remanded.

The Veteran has not been provided with a VA examination for this claimed disability. The Board finds that there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in or was aggravated by service; (3) an indication that the disability or symptoms of disability may be associated with the established in-service event, injury, or disease or with another service-connected disability; but insufficient competent medical evidence on which to decide the claim.

Specifically, the Board finds a medical opinion is needed to address the questions of whether any of the Veteran’s current psychiatric diagnoses had its onset in or pre-existed and was aggravated by service beyond its natural progression. Thus, a remand is necessary.

2. Entitlement to Special Monthly Compensation (SMC) based on aid and attendance/housebound is remanded.

Because a decision on the remanded issue of entitlemen to service connection for acquired psychiatric disorder to include schizophrenia could significantly impact a decision on the issue of entitlement to SMC, the issues are inextricably intertwined. A remand of the claim for SMC is required.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any current acquired psychiatric disorder, to include schizophrenia. The examiner should pay special attention to the service treatment and personnel records and the Veteran’s contentions regarding the onset of his symptoms. The examiner is asked to:

(a.) Identify all psychiatric diagnoses present at any time since November 2017.

(b.) For each identified diagnosis, please state whether:

• It is at least as likely as not that the disorder had its onset in service or is related to an in-service event.

• It clearly and unmistakably (undebatable) preexisted the Veteran’s service. Please provide reasons for the conclusion, based on all of the evidence of record.

• If the examiner finds it did clearly and unmistakably preexist service, the examiner must opine whether it was clearly and unmistakably (undebatable) NOT aggravated by service. For this purpose, aggravation means a non-temporary increase in severity that was not due to the disease’s natural progress.

 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Anthony L. Hines Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.